IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JOHN WHITE, :
:
      Plaintiff, :
:
VS. :
: 7 : 11-CV-158 (HL)
MIQUAN McCOGGLE, :
:
      Defendant. :

## RECOMMENDATION

Presently pending herein is Defendant's[1] Motion to Dismiss. (Doc. 7). The Plaintiff filed this action pursuant to 42 U.S.C. ▪ 1983 in November 2011, raising allegations of excessive force by the Defendant while Plaintiff was confined at Valdosta State Prison. (Doc. 1).

Defendant asserts that the Plaintiff has failed to exhaust administrative remedies as to his claim, and seeks dismissal of Plaintiff's claim based on this lack of exhaustion. (Doc. 7). A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

---

1 Although the Plaintiff originally filed this action against "Migan Mcoggle", subsequent filings by the Defendant provide the apparent correct spelling of Defendant's name as "Miquan McCoggle". (Docs. 7, 9).

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

Plaintiff has not responded to Defendant's motion, but contends in his Complaint that he filed a grievance that is still being investigated. (Doc. 1). Plaintiff=s claims are subject to dismissal pursuant to the first step of the *Turner* analysis.

The Defendant establishes, by means of the affidavit testimony of Artis Singleton, Grievance Coordinator at Valdosta State Prison, that a grievance system was in place at Valdosta State Prison at the time of the incident underlying this lawsuit. (Doc. 7-2). The Defendant further establishes, supported by the affidavit testimony of Singleton, that during Plaintiff=s incarceration at Valdosta State Prison and prior to the filing of this lawsuit, Plaintiff had filed informal and formal grievances regarding his excessive force claim, but had not completed the grievance process before filing this lawsuit. *Id.* at ¶¶ 15-17. Specifically, the time for the Warden's response had not yet run as to the Plaintiff's formal grievance when Plaintiff filed this lawsuit, and the grievance remained pending when this lawsuit was filed. *Id.* at ¶¶ 12, 16, 17.

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he has not utilized all available remedies to grieve the alleged offenses of the Defendant. The affidavit testimony in support of the Defendant's motion to dismiss establishes the presence of a grievance system at Valdosta State Prison and establishes that the Plaintiff did not complete the grievance process regarding his claim prior to filing this lawsuit.

The evidence before the Court shows that Plaintiff did not properly pursue and exhaust the grievance procedure, leaving administrative remedies unexhausted. The PLRA Arequires proper exhaustion@ *Woodford*, 548 U.S. at 92. In order to properly exhaust his claims, a prisoner must Aus[e] all steps@ in the administrative process; he must comply with any administrative Adeadlines and other critical procedural rules@ in place. *Id.* Exhaustion of the grievance system by means of filing some form of proper grievance is required. *Parzyck v. Prison Health Services, Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)). The Court

finds that the Defendant has met his burden to establish that the Plaintiff failed to exhaust his administrative remedies as to the claim underlying this lawsuit.

The Court notes that there is no indication that Plaintiff's use of the grievance process was prohibited by prison officials, by means of threat or otherwise.  In order to demonstrate that administrative remedies were unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process.  *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable).

Inasmuch as the Plaintiff has failed to fully exhaust administrative remedies as to his claim brought against the Defendant, it is the recommendation of the undersigned that the Defendant's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the Recommendation set forth herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 23rd day of May, 2012.

        s/   *THOMAS Q. LANGSTAFF*
        **UNITED STATES MAGISTRATE JUDGE**

asb